**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

DENISE PENDLETON                                                                              PLAINTIFFS

vs.                                                                   Civil Action No. 3:08-cv-754-HTW-LRA

HINDS COUNTY MISSISSIPPI AND
NICKI MARTINSON BOLAND, IN HER
OFFICIAL CAPACITY AS JUSTICE COURT
JUDGE OF HINDS COUNTY AND IN
HER INDIVIDUAL CAPACITY AND
JOHN DOES 1-5, IN THEIR OFFICIAL
AND INDIVIDUAL CAPACITIES                                                             DEFENDANTS

**ORDER GRANTING REMAND**

**I. Introduction**

Before this court is the motion of plaintiff Denise Pendleton ("Pendleton") asking this court to remand this lawsuit to the Circuit Court of Hinds County, Mississippi, where it originated. On December 11, 2008, defendants Hinds County, Mississippi ("Hinds County"), and Nicki Martinson Boland ("Boland") removed this action to this court under the aegis of Title 28 U.S.C. § 1331[1] and § 1441.[2] Pendleton asserts that this removal was improvident under the governing laws. Although defendants defend their removal,

---

[1] Title 28 U.S.C. § 1331 states, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States."

[2] Title 28 U.S.C. § 1441(a) states, in pertinent part, that ". . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

1

this court agrees with plaintiff and, for the reasons discussed below, orders remand.

## II. Statement of Relevant Facts

On or about August 29, 2005, plaintiff Denise Pendleton was hired as the Drug Court Coordinator for the Hinds County, Mississippi, Justice Court. She was employed in that capacity until November 14, 2006, when she alleges she was wrongfully terminated. Plaintiff points to September 2005, as the triggering date which led to her woes. On that fateful date, plaintiff was in Dallas, Texas, attending a conference. Others from Hinds County, Mississippi, were there, including Justice Court Judge[3] Nicki Martinson Boland. The sainted topic of the conference was how to create a drug court program. Seemingly, however, even sainted topics may generate blistering controversy.

At some point, the participants sharply disagreed over how a drug court program should be devised and implemented. When the differences were heated and enlarged over a debate over funding, plaintiff alleges that in a fit of rage defendant Judge Boland said words to the effect that she did not "give a damn" whether the program received any federal funds because she already had obtained money to create the drug court. Thereafter, alleges plaintiff, Judge Boland's temper broke containment and the Judge lambasted the Hinds County Board of Supervisors[4] and the Hinds County Justice Court

---

[3] Hinds County Justice Court currently has five judges. Elected every four (4) years, Justice Court Judges preside over misdemeanor criminal cases and civil cases "where the principal of the debt, the amount of the demand, or the value of the property sought to be recovered [does] not exceed three thousand five hundred dollars ($ 3,500.00)." These courts are not courts of record.

[4] The Hinds County Board of Supervisors has five members, elected every four (4) years. Their duties are, according to Miss. Code Ann. § 19-3-40, to "adopt [alter, modify and repeal] any orders, resolutions or ordinances with respect to county affairs, property and

2

and its judges. Plaintiff, as well. Judge Boland's outburst, says plaintiff, an African American, added that plaintiff would no longer have a job. Then, says plaintiff, Judge Boland declared that "as far as I am concerned, all African-Americans in Hinds County can all go to hell!" with Judge Boland giving an obscene gesture by elevating her middle finger at one of the participants.

Pendleton reported defendant's conduct to the Mississippi Commission on Judicial Performance ("MCJP") and to the Hinds County Board of Supervisors. The MCJP, among other things, is responsible for enforcing the standards of judicial conduct. As a part of the investigation, the MCJP requested information from those who were in attendance at the conference. Plaintiff provided a written statement to the MCJP. The MCJP held a hearing on the complaint brought against Judge Boland.

Prior to the hearing, after being provided a copy of the plaintiff's written statement, plaintiff says she was contacted by Judge Boland, who said she disagreed with the plaintiff's statement. Plaintiff claims that defendant then asked her to contact the MCJP and inform the Commission that Pendleton did not mean what she had written. Judge Boland added that at the conference she had spoken in anger and regretted her inappropriate language, says plaintiff.

On or about August 20, 2006, Pendleton was called before the MCJP to provide testimony on the complaint against Boland. Defendant Judge Boland was present at

---

finances, for which no specific provision has been made by general law and which are not inconsistent with the Mississippi Constitution, the Mississippi Code of 1972, or any other statute or law of the State of Mississippi."

3

the hearing and heard the testimony.[5] The hearing concluded on November 10, 2006, and four days later Judge Boland fired Pendleton from her job.

On February 15, 2008, plaintiff sued in the Circuit Court of Hinds County, Mississippi. She amended her Complaint March 14, 2008. The case was subsequently removed to federal court. Plaintiff charges the defendants with: violation of Mississippi public policy; breach of contract; tortious breach of contract; implied breach of covenant and good faith; tortious interference with contractual relations; intentional infliction of emotion distress; negligent infliction of emotional distress; outrage; and defamation. All of the above claims are rooted in Mississippi state law.

Plaintiff claims to have suffered the following injuries and damages: permanent mental, emotional and psychological damage which has manifested itself in loss of self esteem; humiliation; past and future doctor, drug and medical bills; past, present and future pain and suffering and difficulty sleeping; lost wages; past, present and future permanent and diminished earning capacity; and past, present and future capacity to enjoy life.

Plaintiff claims she is entitled to punitive or exemplary damages. She also seeks reinstatement to the position of Drug Court Coordinator with retroactive benefits, reasonable attorneys' fees, expenses, costs, disbursements, pre-judgment interest, post-judgment interest and any such other declaratory or injunctive relief the court deems appropriate, whether in law or equity.

The defendants removed Pendleton's lawsuit to this federal court pursuant to

---

[5] For further information on the hearing *See Miss. Com'n on Judicial Performance v. Boland*, 975 So.2d 882 (Miss. 2008).

Title 28 U.S.C. § 1331 and § 1441(a), claiming federal question as the basis of subject matter jurisdiction. Defendants claim that Pendleton's answer to the Request for Admissions shows that she is pursuing a federal claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et. seq.* ("Title VII claim"). Disagreeing, plaintiff maintains that state court is the proper venue for this lawsuit as no federal claims have been pleaded to give this court jurisdiction over this lawsuit.

### III. **Legal Standard**

As courts of limited jurisdiction, federal courts are obligated to ascertain subject matter jurisdiction under the presumption that a lawsuit lies outside its jurisdiction before resolving any other element of a lawsuit. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377 (2001). A defendant who removes an action from state court to federal court bears the "heavy" burden of demonstrating this court's subject-matter jurisdiction and that removal was proper. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003); *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied,* 510 U.S. 868, 114 S.Ct. 192, 126 L.Ed.2d 150 (1993); *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir. 1981); *see also* 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3739, at 424 (3d ed. 1998) ("It is . . . well-settled under the case law that the burden is on the party seeking to preserve the district court's removal jurisdiction . . . to show that the requirements for removal have been met."). Furthermore, the removal statutes are to be strictly construed with all doubts and ambiguities resolved against a

finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir. 1992); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### IV. Analysis

**A. Removal**

Defendants contend that because plaintiff filed a charge of discrimination under Title VII with the Equal Employment Opportunity Commission ("EEOC") this court has federal jurisdiction over the lawsuit. In their Notice of Removal, defendants point out that when served with responses to their Request for Admissions on November 17, 2008, the plaintiff "admitted she was asserting a claim against the Defendants pursuant to Title VII . . . ." Notice of Removal, p. 2 (citing to Requests and Responses Nos. 1, 56, 61 and 62). Further, say defendants, plaintiff's claim before the EEOC is ripe for federal filing. Defendants reason that because that charge has been before the EEOC for a period in excess of 180 days, plaintiff now can request from the EEOC a right to sue letter and proceed in federal court with this Title VII claim, a federal cause of action. Since plaintiff intends to invoke this federal claim, that invocation should be done now so that this court may combine the state and federal claims in one action. Further, say defendants, plaintiff's EEOC filing reveals the true nature of her claims.

Pendleton does not welcome defendants' characterization and supposedly logical extension of her responses. In short, she asserts that presently she has not asserted any federal claims, either in the Complaint or subsequent pleadings, even though she filed a charge with the EEOC. Pendleton argues that she is proceeding under state law only. *Taylor v. Books A Million, Inc.*, 2067 F.3d 376, 378-79 (5th Cir.

2002).

Defendants have not invoked this term, but what they are really arguing is the artful pleading doctrine. They are claiming, in effect, that Pendleton is actually seeking redress under Title VII even though Title VII does not appear in her Complaint. The artful pleading doctrine is a narrow exception to the well-pleaded complaint rule. In *Waste Control Specialists, LLC v. Envirocare of Tex., Inc.*, 1999 F.3d 781 (5th Cir. 2000) the Fifth Circuit analyzed the artful pleading doctrine, saying "[w]ithout complete preemption, the artful pleading doctrine does not apply." *Id*. at 783. The artful pleading doctrine applies where the facts could *only* be asserted as a federal claim. Under this exception, "removal may be proper where the defendant can show that Congress has legislated as to completely preempt any state law claims . . .", e.g., federal labor relations law. *Dubose v. Merchs. & Farmers Banks*, 318 F.Supp. 2d 419, 425 (S.D. Miss. 2003). Then and only then should the case be removed to federal court based on the artful pleading doctrine. Those are not the facts here.

Pendleton filed a Complaint in state court alleging state law claims in a non-preempted field. Plaintiff does not raise a federal law claim in her Complaint. Likewise, her Responses to Request for Admissions do not say that she is asserting a federal law claim. A plaintiff, remember, may decide to eschew all federal law claims, even where they apply in a non-preempted field. *Waste Control*, 199 F.3d at 784. Should a plaintiff bypass available remedies under federal law in favor of state law claims, and then fail in the undertaking, then, at least, it was the plaintiff's choice to do so. Here, Pendleton has not pleaded any federal law claims and the court will not re-write the Complaint for the plaintiff.

Then there is the matter of the EEOC. While plaintiff could seek a right to sue letter now, she has a right to wait until the EEOC finishes its investigation, determines whether to rule in her favor, and, if so, indulges in mediation. This court will not foreclose this opportunity.

**B. Attorney's Fees**

This court has the discretion to award attorney fees and cost resulting from a remand order pursuant to Title 28 U.S.C. §1447(c). Section 1447(c) in pertinent part states: "[a]n order remanding the case may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." Where a court remands, "[t]here is no automatic entitlement to an award of attorney's fees." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). A court should not award fees when the defendant had objectively reasonable grounds to believe the removal was "legally proper" at the time of the removal. *Id*. at 293; rather, fees should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Said differently, fees should be denied when objectively reasonable grounds for removal exist.

Were the case here that defendants stubbornly read a federal claim into an otherwise unyielding complaint, sanctions may be appropriate; but that is not the case here. Plaintiff's answers to defendants' Requests for Admissions arguably provided ambivalence and then the confusion regarding the EEOC comes into play. So, concludes the court, defendants were not reckless in their attempt to remove. The court believes that, while wrong, the removal was done in good faith. Accordingly, the

court denies plaintiff's request for sanctions.

## V. **CONCLUSION**

The defendants sought to invoke this court's subject matter jurisdiction by removing this lawsuit from state court to this federal forum. As such, defendants had the burden of proof here. They have not met that burden.

Accordingly, IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff's motion to remand is granted and the motion for attorney's fees is denied. This lawsuit is to be returned forthwith to the Circuit Court of Hinds County, Mississippi.

**SO ORDERED, this the 5th day of April, 2010.**

**s/ HENRY T. WINGATE**
_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**


Civil Action: 3:08-cv-754-HTW-LRA
Order Granting Remand
Order Denying Attorney's Fees